**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3682-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SAMMY MOORE,

    Defendant-Appellant.

_____

Submitted August 15, 2017 — Decided August 28, 2017

Before Judges Manahan and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 94-06-0636.

Joseph E. Krakora, Public Defender, attorney for appellant (Alan I. Smith, Designated Counsel, on the brief).

Grace H. Park, Acting Union County Prosecutor, attorney for respondent (Stephen William Bondi, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Izabella M. Wozniak, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Sammy Moore appeals from an August 21, 2015 order denying his second petition for post-conviction relief (PCR).[1] The PCR court held that defendant's second petition was untimely under Rule 3:22-12(a)(2). We affirm.

I.

In 1994, a jury convicted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1), first-degree attempted murder, N.J.S.A. 2C:11-3(a)(1) and N.J.S.A. 2C:5-1, two counts of first-degree robbery, N.J.S.A. 2C:15-1, and five related offenses. Defendant was sentenced to an aggregate term of life in prison with forty years of parole ineligibility.

On direct appeal, following a remand for an evidentiary hearing, we affirmed defendant's convictions with the exception of one robbery conviction, which we reversed. State v. Moore, Docket No. A-4956-94 (App. Div. April 18, 1997). The Supreme Court denied certification. State v. Moore, 152 N.J. 11 (1997).

The facts underlying defendant's convictions were set forth in detail in this court's 1997 unpublished opinion and need not be repeated. In summary, the evidence at trial established that defendant, together with four companions, went to Plainfield with

_____

[1] The order was dated August 21, 2015, and filed on August 24, 2015.

a plan to commit armed robbery. While in Plainfield, defendant shot and killed one victim, M.B., and shot, but did not kill, a second victim, K.S.[2] Defendant gave statements admitting to the murder and shooting. Defendant was also found to be in possession of the murder victim's car.

In 1998, defendant filed his first petition for PCR. He contended that his trial counsel had been ineffective for failing to request a specific instruction on intent, failing to challenge the jury array, failing to challenge one of the robbery charges, failing to request that the verdict be set aside pursuant to Rule 3:18-2, and failing to adequately investigate the facts and present a meaningful defense. Defendant also argued that his appellate counsel on his direct appeal had been ineffective in failing to raise the jury array issue.

Defendant's first PCR petition was denied in 2000 by the trial court, and we affirmed that denial in 2002. State v. Moore, Docket No. A-1743-00 (App. Div. October 24, 2002). The Supreme Court denied certification. State v. Moore, 179 N.J. 371 (2004).

On June 25, 2015, defendant filed his second petition for PCR.[3] In that petition, defendant claimed that his trial counsel

---

[2] We use initials to protect the privacy interest of the victims.
[3] In February 2015, defendant filed a motion for a new trial. He was assigned counsel and, after conferring with counsel, defendant

had been ineffective in failing to object to a photograph shown to K.S., the victim who was shot but did not die. Defendant contended that the prosecutor misled the jury into believing that the photograph depicted defendant, when the photograph actually depicted a co-defendant. Thus, defendant argued that his trial counsel was ineffective in failing to object to the use of the photograph. Indeed, defendant contended that his trial counsel believed that the photograph was a photograph of him.

The trial court denied defendant's second PCR petition without a hearing by issuing an order stating "that the [second] petition for post-conviction relief is hereby denied for untimeliness pursuant to [Rule] 3:22-12(a)(2)."

Defendant now appeals the order denying his second petition for PCR. On appeal, defendant was assigned counsel, who presents two arguments for our consideration:

> POINT I — THE ORDER SUMMARILY DENYING DEFENDANT'S SECOND PETITION FOR POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE MATTER REMANDED TO THE PCR COURT TO MAKE SPECIFIC FINDINGS EXPLAINING WHY THE REMEDIATION OF DEFENDANT'S "FUNCTIONAL ILLITERACY" WAS NOT A TIMELY "FACTUAL PREDICATE" FOR A SECOND PETITION AND WAS NOT "GOOD CAUSE" TO ASSIGN COUNSEL TO REPRESENT DEFENDANT

---

withdrew his motion for a new trial and, instead, filed his second PCR petition.

POINT II — THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE MATTER REMANDED FOR AN EVIDENTIARY HEARING BECAUSE TRIAL COUNSEL'S BELIEF THAT DEFENDANT WAS THE PERSON WHO WAS DEPICTED IN PHOTOGRAPH S-18 WAS <u>PRIMA FACIE</u> PROOF OF INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also filed a pro se brief, presenting the following two additional arguments for our consideration:

<u>POINT ONE</u>

THE ORDER DENYING DEFENDANT'S SECOND PCR PETITION WITHOUT ADDRESSING HIS CLAIMS OF FUNDAMENTAL INJUSTICE ARTICULATED IN HIS CERTIFICATION IN SUPPORT OF THE PCR PETITION OR PERMITTING DEFENDANT AN OPPORTUNITY TO BRIEF HIS ISSUES AND THE EXCEPTIONS TO ANY PROCEDURAL BARS AMOUNTED TO AN ABUSE OF DISCRETION THEREFORE THE MATTER SHOULD BE REMANDED []

<u>POINT TWO</u>

DEFENDANT WAS SUBJECTED TO CONSTRUCTIVE DENIAL OF PCR COUNSEL WHEN COUNSEL FAILED TO RAISE THE CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNSEL FOR THEIR FAILURE TO RAISE PROSECUTORIAL MISCONDUCT WHEN THE STATE'S ATTORNEY MISREPRESENTED THE PHOTO THAT THE VICTIM, [K.S.], IDENTIFIED AS THE SHOOTER []

## II.

Petitions for PCR are governed by time limitations, which are set forth in <u>Rule</u> 3:22-12. The first petition for PCR generally must be filed within five years after the date of the entry of the judgment of conviction. <u>R.</u> 3:22-12(a)(1). To warrant

consideration of a first petition after the five years, defendant must show both excusable neglect and "that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." Ibid.

A second or subsequent petition for PCR must be filed within one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2).]

Here, defendant is seeking to appeal the denial of his second PCR petition. Consequently, Rule 3:22-12(a)(2) governs. Under Rule 3:22-4(b),

> [a] second or subsequent petition for post-conviction relief shall be dismissed unless:

A-3682-15T1

(1) it is timely under [Rule] 3:22-12(a)(2); and

(2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

Defendant, here, is not contending that there is a new rule of constitutional law. Instead, he contends that he could not have discovered his trial counsel's alleged ineffective assistance as it related to the photograph because he was "functionally illiterate." In support of that argument, defendant filed a certification contending that he had learning deficiencies. Defendant went on to explain that it was only in 1999 that he

acquired a GED certificate.[4] Defendant also contends that it was not until 2013, when he began to take college-level courses, that he came to realize that his prior reliance on trial counsel's presumed competence was mistaken. Thus, defendant argues that his second PCR petition was timely and the trial court should have considered it on its merits.

Having considered the arguments presented by defendant's assigned counsel, as well as his pro se arguments, we reject defendant's contentions and affirm the denial of his second petition for PCR for two related reasons.

First, defendant's second PCR petition failed to comply with the time restrictions set forth in Rule 3:22-12(a)(2). In his certification in support of the second petition, defendant claims that he was "functionally illiterate" and that illiteracy prevented him from discovering trial counsel's ineffective assistance concerning the photograph. In the same certification, however, defendant acknowledged that he received his GED in 1999 and that he took college-level courses in 2013 that gave him the analytical ability to recognize that his trial counsel had been ineffective. Thus, at the latest, defendant was literate and

---

[4] The GED is a nationally recognized standardized test that allows the test-takers to receive a certification equivalent of a high school diploma.

recognized his trial counsel's alleged ineffectiveness in 2013. Defendant, however, waited more than one year after 2013 to file his second petition for PCR in 2015. Thus, the petition is time-barred. See R. 3:22-12(a)(2); see also State v. Brewster, 429 N.J. Super. 387, 398 (App Div. 2013). Moreover, even if this was a first PCR petition, there is nothing in the record that would support "exceptional circumstances" warranting an extension of the time limitations. See State v. Goodwin, 173 N.J. 583, 594 (2002).

Second, defendant has failed to allege facts, which if proven and viewed in the light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted. R. 3:22-4(b). In affirming defendant's convictions on his direct appeal, we reviewed the detailed evidence that was presented against defendant. That evidence included defendant's own admissions, testimony from various witnesses who identified defendant near the scene of the crime, and that defendant was in possession of the murder victim's car. Even if trial counsel had challenged the use of the photograph, defendant has not presented a prima facie showing that he was prejudiced by such alleged ineffective assistance. See Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d 674, 698 (1984); State v. Fritz, 105 N.J. 42, 60-61 (1987) (requiring defendant to establish that "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different.").

Indeed, the State argues that defendant incorrectly characterized the use of the photograph during trial and that there was no ineffective assistance of counsel. During trial, victim K.S. did not identify defendant or co-defendant based on the photograph that was provided to him by the State. Instead, K.S. told the jury that he was "not positively sure" that the photograph depicted someone who shot him and he did not get a clear look at the shooter's face. As such, K.S.'s testimony could not have misled the jury into believing that the photograph depicted defendant.

We also reject defendant's argument that the matter should be reversed because the trial court summarily denied defendant's second petition without sufficient explanation. The trial court did not hold a hearing nor did the court explain the reasons for its order. We note that that is not the best practice. See R. 1:7-4(a) (stating that the trial court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right, and also as required by [Rule] 3:29."). Nevertheless, the record in this case allows us to review the

facts, which established that defendant failed to comply with the time constraint set forth in Rule 3:22-12(a)(2). Accordingly, there is no basis to remand this matter for further review or a hearing.

Finally, defendant's contentions that his PCR counsel was ineffective lack merit. Defendant asserts only conclusory contentions that do not establish a prima facie showing of ineffective assistance by PCR counsel. State v. Marshall, 148 N.J. 89, 158, cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997); see also State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999) ("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance.").

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION